# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Case No. 2:21-CV-0446-JRG<br><br>JURY TRIAL DEMANDED |

## SAMSUNG'S MOTION TO EXCLUDE
## CERTAIN EXPERT OPINIONS OF DR. ROBERT AKL

**TABLE OF CONTENTS**

I.    Introduction ........................................................................................................... 1

II.   Background ........................................................................................................... 1

III.  Legal Standard ...................................................................................................... 4

IV.   Argument .............................................................................................................. 5

      A.    Dr. Akl's Marking Opinions Should Be Stricken And His Proposed
            Associated Testimony Should Be Excluded ............................................. 5

      B.    Dr. Akl's Direct Infringement Opinions And Testimony Relating To The
            Asserted Method Claims Should Be Excluded ........................................ 7

V.    Conclusion ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BMC Software, Inc. v. Servicenow, Inc.*,
   No. 2:14-CV-903-JRG, 2016 WL 367251 (E.D. Tex. Jan. 29, 2016) .......................................5

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
   25 F.4th 976 (Fed. Cir. 2022) ...................................................................................................3

*Cal. Inst. of Tech. v. Hughes Commc'ns Inc.*,
   35 F. Supp. 3d 1176 (C.D. Cal. 2014) ..................................................................................3, 6

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 2:13-CV-1112-JRG, 2015 WL 4944514 (E.D. Tex. Aug. 19, 2015).................................5

*Cordis Corp. v. Boston Sci. Corp.*,
   658 F.3d 1347 (Fed. Cir. 2011).................................................................................................5

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)...............................................................................................................5, 7

*EMC Corp. v. Pure Storage, Inc.*,
   154 F. Supp. 3d 81 (D. Del. 2016)............................................................................................5

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-cv-70-JRG-RSP, 2020 WL 4501341 (E.D. Tex. Aug. 5, 2020)................................5

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)..................................................................................................................5

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
   449 F.3d 1209 (Fed. Cir. 2016).................................................................................................5

*Realtime Data, LLC v. Actian Corp.*,
   No. 6:15-CV-463 RWS-JDL, 2017 WL 11662040 (E.D. Tex. Apr. 3, 2017)..........................6

*RSA Protective Techs., LLC v. Delta Sci. Corp.*,
   No. LA CV19-06024 JAK (PLAx), 2021 WL 4987357 (C.D. Cal. Oct. 20,
   2021) .........................................................................................................................................6

*Treehouse Avatar LLC v. Valve Corp.*,
   54 F.4th 709 (Fed. Cir. 2022) ...................................................................................................6

*Ultravision Techs., LLC v. GoVision LLC*,
   No. 2:18-CV-00100-JRG-RSP, 2021 WL 2144788 (E.D. Tex. May 26, 2021)....................4, 5

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
   No. 20-CV-00319-JRG-RSP, 2022 WL 1453204 (E.D. Tex. Apr. 17, 2022),
   *R&R adopted*, 2022 WL 1463984 (E.D. Tex. May 6, 2022) .................................................5, 6

**Rules**

Fed. R. Evid. 702 ................................................................................................................................5

I.     **INTRODUCTION**

This Court should exclude marking-related opinions offered by Caltech's expert Dr. Robert Akl because he admits his opinions are based on a claim construction that everyone agrees is wrong and that contradicts this Court's and the Federal Circuit's construction. Caltech previously sued Hughes and DISH Network for selling products that it has repeatedly represented infringe the '710 and '032 Patents. After Caltech and the Hughes Defendants executed a license agreement settling their dispute, the Hughes Defendants continued selling those now-licensed products, but without marking them with the patent numbers. Samsung raised this issue here as a failure on the part of Caltech to comply with the marking obligations mandated by 35 U.S.C. § 287.

In an attempt avoid the implications of its failure to comply with the marking statute, Caltech now changes its position by sponsoring opinions from its expert Dr. Akl that the Hughes Defendants' products do not practice the '710 and '032 Patents. But Dr. Akl reached his conclusion only by interpreting a claim term using a construction adopted by the *Hughes* court that was expressly rejected by the Federal Circuit and that contradicts this Court's construction of the same term. There is no legal or rational basis for allowing an expert to offer opinions that not only contradict the Court's claim construction order, but that also rely on a claim construction that everyone (including Dr. Akl himself) agrees is wrong. Caltech recognizes this too at least because it continued to represent well after the *Hughes* litigation that the Hughes Defendants' licensed products practice the '710 and '032 Patents. Dr. Akl's contrary opinions should be excluded.

Dr. Akl's opinions that Samsung directly infringes the asserted method claims should also be excluded. Dr. Akl does not (and could not) cite any evidence to support his opinion that any method claim is directly infringed by any purported Samsung use of an accused product.

II.     **BACKGROUND**

Hughes Communications, DISH Network, and their affiliates (collectively, the "Hughes

1

Defendants") make and sell satellite communication products. In 2013, Caltech sued the Hughes Defendants for infringing the '710 and '032 Patents by making and selling those products. Ex. 1 ¶¶ 38, 53. Caltech ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ served expert reports showing the Hughes Defendants' products practice those patents. Ex. 1 at 1; *see* Ex. 3 ¶¶ 14–23, 273–327, 379–453, 523–607, 679–701; Ex. 4 ¶¶ 389–421. Caltech and the Hughes Defendants settled their dispute with a license agreement, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 5 at §§ 1.10, 4.1.

Since then, Caltech has continued to repeatedly represent that the Hughes Defendants' licensed products practice those patents. Caltech made that assertion in litigation against Apple Inc. and Broadcom Ltd. involving those patents, in IPR proceedings involving those patents, and in this case. *See, e.g.*, Ex. 6 at 55, 60–62; Ex. 7 at 22; Ex. 4 ¶¶ 389–421; Ex. 8 ¶¶ 42–43. Each time, Caltech has credited the millions of satellite communication products implementing the infringing DVB-S2 standard (which includes the licensed products sold by the Hughes Defendants) as evidence of the supposed nonobviousness of the '710 and '032 Patents' claims. *See, e.g.*, Ex. 6 at 60–62.

But Caltech, recognizing that the Hughes Defendants never marked ▇▇▇▇▇▇▇▇▇▇▇▇ a single one of the licensed products they sold with the patent numbers, now seeks to change its position to avoid the marking requirements of 35 U.S.C. § 287 that Caltech failed to satisfy. To contradict its own representations and the opinions of its own prior experts, Caltech offers opinions from Dr. Robert Akl that the Hughes Defendants' unmarked, licensed products do not practice the claims of the '710 and '032 Patents. Ex. 10 ¶¶ 87–99. But Dr. Akl reaches that conclusion only by relying on a construction for the word "repeat"—which appears in asserted claims of the patents—that he expressly admits is "incorrect." *Id.* ¶¶ 97–99. Instead of relying on

2

this Court's construction of "repeat" to form his opinions, Dr. Akl solely applies the *Hughes* court's contradictory and "incorrect" construction of that term. *See id.* ¶¶ 92–99.

In Caltech's litigation against the Hughes Defendants, the court construed the term "repeat" formally as having its "plain meaning" but also as "requir[ing] the creation of new bits" and excluding mere "re-use" of existing bits. *Cal. Inst. of Tech. v. Hughes Commc'ns Inc.*, 35 F. Supp. 3d 1176, 1186, 1188 (C.D. Cal. 2014). In doing so, the court expressly rejected Caltech's argument that "repeat" should be interpreted broadly to encompass any "re-use" of bits to form a code and instead opted for a narrower construction. *Id.* at 1186; Ex. 11 at 5–6. The *Hughes* court's construction—at Caltech's own urging in subsequent litigation—has since been rejected by every other court to consider the proper construction of the "repeat" term, including by the court in Caltech's case against Apple and Broadcom, by this Court, and by the Federal Circuit in a precedential opinion. Dkt. 125 at 20–21. The Federal Circuit criticized the *Hughes* court's decision and held the term "repeat" as claimed in the '710 and '032 Patents "does not require generating new, distinct bits" because it allows "reuse of bits." *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 986 & n.3 (Fed. Cir. 2022). This Court recognized this "construction has a *stare decisis* effect," ordered "[t]he parties shall abide by the Federal Circuit's decision," and construed "repeat" as allowing "reuse of bits." Dkt. 125 at 20–21.

Dr. Akl admitted at his deposition that he was never asked "to decide whether or not, under the construction of 'repeat' ***in this case***, the Hughes [Defendants'] products identified by Samsung practiced the asserted patents." Ex. 9 at 157:9-14. He further confirmed that he offers no "opinion one way or another as to whether, ***under the Court's construction*** of 'repeat' in this case, the Hughes [Defendants'] products identified by Samsung actually practice or not." *Id.* at 155:7-12.

In addition to his marking opinions, Dr. Akl opines that "[t]he Accused Products using

3

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Qualcomm and MediaTek chips to provide Wi-Fi functionality infringe the Asserted Claims," Ex. 10 ¶ 23, including the asserted method claims. Although Dr. Akl purports to explain the functionality of certain accused products, he provides no analysis as to what acts of infringement constitute infringement, and instead defers to another of Caltech's experts, Dr. Shoemake. *See id.* ¶ 77. Yet on this issue, Dr. Shoemake offers only a single statement in his report, namely that "[w]ith respect to use of the Accused Products in the United States, Samsung directly infringed each of the Asserted Claims, including [the asserted method claims] *to the extent* Samsung performed testing and/or use of the Accused Products performed by their employees in the United States." Ex. 12 ¶ 142 (emphasis added). Dr. Shoemake, however, cites no evidence that Samsung performed such testing, or that any Samsung employee used the devices in an infringing manner. Indeed, Caltech appears to concede that it has no such evidence: Caltech's damages expert, Dr. Teece, readily admits he "*ha[s] not seen conclusive evidence of U.S.-based testing activity* related to Samsung's LDPC development and testing of Wi-Fi chip samples intended for incorporation into Accused Products to be sold in the U.S." Ex. 2 ¶ 618; *see also id.* ¶ 615 ("Samsung engineers reported findings . . . 'observed from simulation results,' although *there is no evidence of the location and nature of this simulation*. This research was authored by Samsung engineers based in the UK and US, although *the details as to the nature and location of any testing is unclear*." (emphasis added)), ¶ 617 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (emphasis added)).

### III.   LEGAL STANDARD

Under Federal Rule of Evidence 702, district courts have "broad discretion" to exclude an expert's proposed testimony that, among other things, is either unhelpful to the trier of fact or that fails to apply reliable principles and methods to the facts of the case. *Ultravision Techs., LLC v.*

*GoVision LLC*, No. 2:18-CV-00100-JRG-RSP, 2021 WL 2144788, at *2 (E.D. Tex. May 26, 2021) (citing Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)). Expert opinions that are based on an incorrect claim construction are unhelpful to the jury, fail to reliably apply principles and methods to the facts of the case, and thus are routinely excluded under Rule 702. *See id.* (citing *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2016)); *see also EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016).

IV.  **ARGUMENT**

    A.  **Dr. Akl's Marking Opinions Should Be Stricken And His Proposed Associated Testimony Should Be Excluded**

The Court should strike Dr. Akl's opinions and exclude his proposed testimony that the Hughes Defendants' products do not practice the '710 and '032 Patents. Ex. 10 ¶¶ 87–99. This Court frequently excludes expert opinions that fail to apply the Court's claim constructions. *See, e.g.*, *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 20-CV-00319-JRG-RSP, 2022 WL 1453204, at *7–9 (E.D. Tex. Apr. 17, 2022) (striking expert opinions that were "inconsistent with Court's claim construction"), *R&R adopted*, 2022 WL 1463984 (E.D. Tex. May 6, 2022); *Ultravision*, 2021 WL 2144788, at *5 (same); *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-70-JRG-RSP, 2020 WL 4501341, at *3 (E.D. Tex. Aug. 5, 2020) (same); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 4944514, at *3–4 (E.D. Tex. Aug. 19, 2015) (same); *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 367251, at *2 (E.D. Tex. Jan. 29, 2016) (excluding expert opinions "that contradict or deviate from this Court's Claim Construction Memorandum and Order"); *see also Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011) (stating that expert testimony based on an incorrect claim

construction "must [be] disregard[ed]"); *Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022) (endorsing exclusion of expert testimony based on the wrong claim construction).

Here, Dr. Akl admits that he did not apply this Court's construction of "repeat" to form his opinion that the Hughes Defendants' products do not practice the '710 and '032 Patents, that he instead applied the erroneous construction of that term adopted by the *Hughes* court to reach his conclusion, and that the construction he used is "incorrect." Ex. 10 ¶¶ 92–99; Ex. 9 at 155, 157. Not only is it incorrect, but both this Court and the Federal Circuit rejected the construction Dr. Akl uses as the basis for his opinions in favor of a construction for which Caltech itself advocated. *See* Dkt. 125 at 20–21. Because Dr. Akl's opinions are necessarily "inconsistent with [the] Court's claim construction," *United Servs. Auto. Ass'n*, 2022 WL 1453204, at *8, they should be excluded.

Caltech's argument that whether the Hughes Defendants' unmarked, licensed products practice the '710 and '032 Patents should be assessed using the incorrect construction adopted in the *Hughes* case for purposes of patent marking rather than the correct construction adopted by everyone else (including the Federal Circuit and this Court) makes no sense. Like an infringement analysis, a patent marking analysis requires showing "[w]hether a product 'meets each limitation of the claim ***as construed***.'" *RSA Protective Techs., LLC v. Delta Sci. Corp.*, No. LA CV19-06024 JAK (PLAx), 2021 WL 4987357, at *11 (C.D. Cal. Oct. 20, 2021) (emphasis added). Consistent with this law, a court in this jurisdiction has previously held that an expert cannot rely on claim constructions from a different case to support a marking opinion. *See Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662040, at *3 (E.D. Tex. Apr. 3, 2017). A patent marking analysis in this case thus requires applying the constructions from this case, not a contradictory construction from a prior case that everyone agrees—including Dr. Akl and the Federal Circuit—is wrong. Moreover, Caltech itself recognizes that the *Hughes* court's erroneous

6

claim construction is not operative. Even after the *Hughes* court issued its undisputedly erroneous construction of the "repeat" term, Caltech maintained in that case and has continued to repeatedly represent in subsequent litigation against Apple and Broadcom, in *inter partes* review proceedings, and in this case that the Hughes Defendants' products practice the '710 and '032 Patents.

Put simply, because Dr. Akl admits his marking-related opinions are predicated on a claim construction different than the one ordered by this Court, those opinions should be excluded.

### B. Dr. Akl's Direct Infringement Opinions And Testimony Relating To The Asserted Method Claims Should Be Excluded

Dr. Akl should also be precluded from offering opinions or testimony that Samsung has committed acts of direct infringement of the asserted method claims of the patents-in-suit (claims 11–14 of the '710 Patent, claims 1, 3, 8, and 10 of the '032 Patent, and claims 3–6, 10–16, 18, and 22 of the '781 Patent). Although Dr. Akl purports to provide opinions that certain devices incorporating Qualcomm or MediaTek chips meet the claim elements of the asserted claims, he provides no opinion that Samsung has committed acts of infringing use in the United States regarding these or any other devices. Instead, Dr. Akl appears to defer to Caltech's other experts on this issue. Because Dr. Akl has not disclosed any opinion or evidence in his report on the issue of Samsung's alleged infringing use of the asserted method claims, he should be precluded from testifying at trial on this issue. *See Daubert*, 509 U.S. at 590 (experts cannot offer opinions based on "unsupported speculation").

### V. CONCLUSION

For those reasons, Dr. Akl's opinions in ¶¶ 25, 87–99 (related to marking) and ¶¶ 23, 76–81 (as they relate to alleged infringement of the asserted method claims) of his May 1, 2023 expert report should be stricken from the record and all associated testimony should be excluded from trial.

7

DATED: June 14, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Melissa R. Smith
　　　　　　　　　　　　　　　　　　　　Melissa R. Smith
　　　　　　　　　　　　　　　　　　　　State Bar No. 24001351
　　　　　　　　　　　　　　　　　　　　GILLAM & SMITH, LLP
　　　　　　　　　　　　　　　　　　　　303 South Washington Avenue
　　　　　　　　　　　　　　　　　　　　Marshall, Texas 75670
　　　　　　　　　　　　　　　　　　　　Telephone: (903) 934-8450
　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 934-9257
　　　　　　　　　　　　　　　　　　　　Email: melissa@gillamsmithlaw.com

　　　　　　　　　　　　　　　　　　　　J. Travis Underwood
　　　　　　　　　　　　　　　　　　　　State Bar No. 24102587
　　　　　　　　　　　　　　　　　　　　GILLAM & SMITH, LLP
　　　　　　　　　　　　　　　　　　　　102 N. College, Suite 800
　　　　　　　　　　　　　　　　　　　　Tyler, TX 75702
　　　　　　　　　　　　　　　　　　　　Tel: (903) 934-8450
　　　　　　　　　　　　　　　　　　　　Fax: (903) 934-9257
　　　　　　　　　　　　　　　　　　　　Email: travis@gillamsmithlaw.com

　　　　　　　　　　　　　　　　　　　　Greg Arovas, P.C. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Robert A. Appleby, P.C. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Christopher DeCoro (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　Tel: (212) 446-4800
　　　　　　　　　　　　　　　　　　　　Fax: (212) 446-4900
　　　　　　　　　　　　　　　　　　　　Email: garovas@kirkland.com
　　　　　　　　　　　　　　　　　　　　Email: rappleby@kirkland.com
　　　　　　　　　　　　　　　　　　　　Email: christopher.decoro@kirkland.com

　　　　　　　　　　　　　　　　　　　　Edward C. Donovan, P.C. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　F. Christopher Mizzo, P.C. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Michael A. Pearson, Jr. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　John R. Rhine (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Nichole DeJulio (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　1301 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　Tel: (202) 389-5000
　　　　　　　　　　　　　　　　　　　　Fax: (2020 389-5200
　　　　　　　　　　　　　　　　　　　　Email: edonovan@kirkland.com
　　　　　　　　　　　　　　　　　　　　Email: chris.mizzo@kirkland.com
　　　　　　　　　　　　　　　　　　　　Email: mpearson@kirkland.com

Email:  john.rhine@kirkland.com
Email:  nichole.dejulio@kirkland.com

Eric D. Hayes, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
Email:  ehayes@kirkland.com

Tiffany M. Knapp (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Tel: (617) 385-7500
Fax: (617) 385-7501
Email: tiffany.knapp@kirkland.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

9

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 14, 2023. Any other counsel of record will be served by facsimile transmission or by first class mail.

/s/ Melissa R. Smith
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

On June 9 and 10, 2023, counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h) and made a good-faith effort to resolve the matter presented herein. Plaintiff opposes the instant motion.

/s/ Melissa R. Smith
Melissa R. Smith