# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   Defendants. | Civil Action No. 2:21-cv-446-JRG<br><br>**JURY TRIAL DEMANDED** |

## CALTECH'S SUR-REPLY TO SAMSUNG'S MOTION TO EXCLUDE
## CERTAIN OPINIONS OF DR. ROBERT AKL

Samsung's Reply fails to show any valid basis for excluding any of Dr. Akl's opinions.

**A. Dr. Akl's opinions relating to marking are permitted.**

There is no basis for excluding Dr. Akl's opinions on marking.

*First*, while Samsung argues that the rule of reason ought not apply when a license ███████ ██████████████, Samsung provides no support for that position. *See* Reply 1–2. Samsung mischaracterizes *Maxwell*, which explicitly held that where (like Samsung claims here) "the failure to mark is caused by someone other than the patentee," a "'rule of reason' approach is justified" and "the court may consider whether the patentee made reasonable efforts to ensure compliance." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111–12 (Fed. Cir. 1996). Samsung cites several cases in a footnote, without any analysis, characterizing them as "consistently finding that a patentee did not make reasonable efforts where . . . the license agreement contains no requirement to mark." Reply 2 & n.2. As a preliminary matter, Samsung's own characterization of the cases as addressing whether efforts were "reasonable" admits that the rule of reason applies.[1] Further, none of those cases involved situations where (as here) the licensee had ████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████. Such facts unquestionably matter in the rule-of-reason analysis. *See Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1026 (N.D. Cal. 2019) (denying summary judgment because "it would have been unreasonable for Asetek to attempt to impose

---

[1] Samsung mischaracterizes the Federal Circuit cases, which are inapposite because the rule of reason was not even at issue. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1369 (Fed. Cir. 2017) (addressing whether the defendant had met its initial burden of production to require the plaintiff to address marking at all, not whether the rule of reason applied); *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (addressing whether a jury instruction on marking was erroneous because it did not address actual notice, not whether the rule of reason applied).

marking requirements on any CoolIT products supplied to Corsair because there was an active dispute whether" there was a right to mark).

*Second*, Samsung cannot credibly dispute that the Federal Circuit's rule-of-reason test is "fact-intensive," involving "an assessment of the totality of the circumstances including an evaluation of all pertinent evidence." *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1372 (Fed. Cir. 2007); *Acticon Techs. LLC v. Creative Labs Inc.*, 2012 WL 708059, at *3 (E.D. Tex. Mar. 5 2012). Samsung's attempts to distinguish *Adenta* and *Acticon* miss the mark. Samsung offers no authority for a view of the rule-of-reason test as somehow excluding consideration of the actual facts and circumstances bearing on the reasonableness of a patentee's efforts.

*Third*, Samsung fails to negate that Dr. Akl's opinions are relevant. As Caltech explained in its Response, the rule-of-reason analysis naturally looks to whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Resp. 4. Dr. Akl's opinions properly address that relevant question.

Samsung argues that certain background facts supporting Dr. Akl's opinions—namely the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—are "irrelevant and inadmissible." Reply 3. But the relevance of such evidence is beyond question: It was important information that both Caltech and the Hughes Defendants knew at the time of their license negotiations. As for the admissibility of such evidence, that is of no moment to a motion seeking to exclude expert opinions. FED. R. EVID. 703 (facts relied upon by an expert "need not be

---

[2] Samsung attempts to downplay the *Hughes* court's order as denying summary judgment of infringement rather than granting summary judgment of noninfringement, but Samsung fails to show that the distinction makes any difference. *See* Reply 3–4. The *Hughes* court did not merely hold the DVB-S2 standard "does not ***require*** the repetition of bits," as Samsung claims. Reply 4. It also found that the standard affirmatively "calls for the reuse of a single information bit"—that is, it calls for ***not*** repeating under the *Hughes* court's construction. *California Inst. of Tech. v. Hughes Commc'ns Inc.*, 2015 WL 11089495, at *4 (C.D. Cal. May 5, 2015).

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

admissible for the opinion to be admitted"). Further, Samsung's argument for inadmissibility is that the evidence would be "confusing," but Samsung neglects to address the required test of whether "its probative value is substantially outweighed by a danger of . . . confusing the issues." FED. R. EVID. 403. The information is highly relevant, and—as will be addressed in a forthcoming Caltech motion *in limine* to allow such evidence—any supposed risk of confusion is overblown and, further, can be mitigated.

Without providing any explanation or citing any authority, Samsung downplays the significance of the enormous exposure the Hughes Defendants would have opened themselves to if they had marked. Samsung simply asserts that "[t]his is not the case." Reply 4. But the law is clear both about the potential exposure—up to $500 imposed on a per article basis—and that the Hughes Defendants' "knowledge of falsehood" would be problematic to any defense. 35 U.S.C. § 292(a); *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1301 (Fed. Cir. 2009) ("penalty to be imposed on a per article basis"); *id.* at 1300 ("An assertion by a party that it did not intend to deceive, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood.").[3] Samsung's next argument—that such exposure is "irrelevant" because Dr. Akl does not opine on false marking—misses the point. Reply 4. Caltech did not argue that false marking was relevant because Dr. Akl addresses it, but rather that Dr. Akl's opinions ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Resp. 4.

Finally, Samsung returns to its misguided argument that Dr. Akl cannot apply the "wrong" claim construction. Reply 4. While the *Hughes* court's construction should not be applied to

---

[3] Samsung references, without specificity, its reply brief in support of its summary judgment motion on marking. To the extent Samsung offers any pertinent arguments in that reply brief, Caltech refers to its opposition and sur-reply briefs for that motion.

3

questions about Samsung's infringement or the validity of Caltech's patents (and no one is arguing that it should be), it is the only construction that relates to the Hughes Defendants' ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Samsung identifies no case suggesting the rule-of-reason analysis can ignore the actual, historical facts in favor of counterfactuals. Moreover, despite Samsung's statement to the contrary, Caltech ***did*** cite a case allowing an expert to rely on an unadopted claim construction—specifically, *Realtime Data*. Samsung mischaracterized that case in its Motion, as Caltech pointed out (Resp. 5–6), and Samsung's Reply does not rebut that. *Realtime Data* specifically allowed the marking expert to form opinions about third-party products based on claim constructions in a prior case that did not apply in the case at issue.[4] *Realtime Data, LLC v. Actian Corp.*, 2017 WL 11662040, at *3 (E.D. Tex. Apr. 3, 2017) ("To the extent Dr. Reader relies on these constructions to inform his understanding of the third party products, he is entitled to do so under Federal Rule of Evidence 703."). In short, Samsung's own case supports Dr. Akl's limited reliance on ▌▌▌▌▌▌▌▌▌▌▌▌▌▌.

B.  **Dr. Akl's opinions about infringement of method claims are permitted.**

With respect to Dr. Akl's infringement opinions for method claims, Samsung accuses Caltech of "misdirection," ignoring that Samsung's conclusory, one-paragraph argument in its Motion did not provide any analysis or explanation in support of the requested relief. *See* Reply 5;

---

[4] The court in *Realtime Data* allowed the defendant's expert to rely on the prior construction for his opinions but decided not to allow those constructions to be introduced to the jury to avoid "jury confusion and prejudice to Realtime" (the patentee). *Realtime Data*, 2017 WL 11662040, at *3. Here, the probative value of the prior construction is much greater—indeed, it establishes the reasonableness of Caltech's actions—such that any risk of confusion does not outweigh (let alone "substantially outweigh," as required under FRE 403) the probative value of the evidence. As for prejudice, Samsung offers no explanation for how it might be unfairly prejudiced by such evidence, and Samsung cannot assert any prejudice on behalf of Caltech as the patentee.

Mot. 7. In any event, to the extent Samsung's argument is that Dr. Akl does not opine "that Samsung has █████████████████████████," Reply 5, that is because Dr. Akl has assumed for purposes of his opinions that Samsung █████████████ ████████████ Dr. Akl's report analyzes ████████████████████ ████████████████ a particular manner—in his words, ████████████ ████████████████████" described in Dr. Shoemake's report—and thereby infringe the asserted claims. Samsung Ex. 10 ¶¶ 77–80. Dr. Akl's report also notes that "direct infringement of a method claim occurs where all steps of a claimed method are performed by or attributable to a single entity or a single entity directs or controls another entity's performance of certain steps." ECF No. 269-1 ¶ 33. Caltech's Response showed that Dr. Akl's ████████████████ was amply supported by the record, which establishes ████████████████████—a fact Samsung does not dispute in its Reply. *See* Resp. 7 & n.4; Reply 5. Nor does Samsung's Reply dispute Caltech's showing that an expert opinion may be predicated on factual assumptions. *See* Resp. 6–7; Reply 5.

As a result, Dr. Akl's opinions on method claims should be allowed. Samsung's argument that "Dr. Akl should not be permitted to testify to opinions not in his report" is beside the point. *See* Reply 5. Dr. Akl is not offering opinions about the extent to which Samsung ████████ ████████████. As a result, Samsung's motion should be denied.

DATED: July 13, 2023                    Respectfully submitted,

By:  */s/ Daniel J. Shih*

Kalpana Srinivasan
 California State Bar No. 237460
 ksrinivasan@susmangodfrey.com
**SUSMAN GODFREY LLP**

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Daniel J. Shih
   Washington State Bar No. 37999
   dshih@susmangodfrey.com
Floyd Short
   Washington State Bar No. 21632
   fshort@susmangodfrey.com
**SUSMAN GODFREY LLP**
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Daniel A. Wilson
   Texas State Bar No. 24070859
   dwilson@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Tamar Lusztig
   New York State Bar No. 5125174
   tlusztig@susmangodfrey.com
Ravi Bhalla
   New York State Bar No. 5478223
   rbhalla@susmangodfrey.com
Robert Greenfeld
   New York State Bar No. 2824811
   rgreenfeld@susmangodfrey.com
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

S. Calvin Capshaw
   Texas State Bar No. 03783900
   ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Avenue

Gladewater, TX 75647
Telephone (903) 845-5770

**ATTORNEYS FOR PLAINTIFF
THE CALIFORNIA INSTITUTE OF
TECHNOLOGY**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

                                   */s/ Daniel J. Shih*
                                   Daniel J. Shih