IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   Defendants. | Civil Action No. 2:21-cv-446<br><br>**JURY TRIAL DEMANDED** |

**CALTECH'S OPPOSITION TO SAMSUNG'S MOTIONS *IN LIMINE***

██████████████████████

## TABLE OF CONTENTS

1.   **Samsung MIL #1: Samsung missed the deadline to move to strike Caltech's experts' opinions.** ................................................................................... 1

2.   **Samsung MIL #2: Samsung again improperly seeks to strike Caltech's experts' opinions.** ................................................................................... 3

3.   **Samsung MIL #3: Samsung's recycled arguments regarding the 2022 Certificates of Correction still fall flat and fail to support exclusion.** ............... 4

4.   **Samsung MIL #4: Samsung provides no reason or support to exclude Caltech's timely disclosed non-privileged contentions and evidence.** ............... 7

5.   **Samsung MIL #5: Samsung cannot rewrite the PLA with a MIL.** ................ 10

██████████████████████████████

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chiron Corp. v. Genentech, Inc.*,
   363 F.3d 1247 (Fed. Cir. 2004)..................................................................................................12

*Core Wireless Licensing SARL v. LG Electronics, Inc. et al.*,
   No. 2:14-cv-00912-JRG (E.D. Tex. Feb. 15, 2019) .....................................................................1

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson, et al.*,
   No. 2:21-cv-113-JRG (E.D. Tex. Jul. 18, 2022)...........................................................................1

*Parra v. Markel Int'l Ins. Co. Ltd.*,
   2007 WL 9627570 (S.D. Tex. Dec. 11, 2007), *aff'd*, 300 F. App'x 317 (5th
   Cir. 2008) ..................................................................................................................................11

*Seagen Inc. v. Daiichi Sankyo Co., Ltd.*,
   No. 2:20-cv-00337-JRG (E.D. Tex. Mar. 15, 2022).....................................................................1

*Univ. of W. Virginia Bd. of Trustees v. VanVoorhies*,
   278 F.3d 1288 (Fed. Cir. 2002)............................................................................................11, 12

*Yahoo Inc. v. Nat'l Union Fire Ins. Co. etc.*,
   14 Cal. 5th 58 (Cal. 2022)..........................................................................................................11

**Rules**

Fed. R. Evid. 401 ..............................................................................................................................5

Fed. R. Evid. 403 ..............................................................................................................................6

Fed. R. Evid. 801 ..............................................................................................................................9

Fed. R. Evid. 803 ..............................................................................................................................9

For the following reasons, Samsung's motions *in limine* should be denied.

**1. Samsung MIL #1: Samsung missed the deadline to move to strike Caltech's experts' opinions.**

Samsung's first MIL seeks to exclude certain opinions offered by Caltech's damages experts regarding transfer pricing. But this Court set a deadline of June 14, 2023 for the parties to "File Motions to Strike Expert Testimony (including *Daubert* Motions)," and further explained that "[n]o motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court." Dkt. 210. Samsung's MIL #1 is an untimely motion to strike expert testimony and should be denied for that reason alone.

The purportedly "unfounded allegations" that Samsung seeks to preclude by its MIL #1 are entirely confined to opinions offered by Caltech's two damages experts, Dr. Reed-Arthurs and Dr. Teece. *See* Mot. at 1 (citing both experts' reports, Dr. Reed-Arthurs' deposition, and briefing relating to Dr. Reed-Arthurs' report). Samsung did not move to strike those opinions by the ordered deadline, and this Court has routinely held that the *limine* process cannot be used as a backdoor motion to strike. *See Seagen Inc. v. Daiichi Sankyo Co., Ltd.*, Dkt. 347 at 4 n.1, No. 2:20-cv-00337-JRG (E.D. Tex. Mar. 15, 2022) ("MILs should not be used as a back-door motion to strike expert opinions or Daubert motion. The motion in *limine* process is not a substitute for *Daubert* motions or motions to strike portions of an expert's report, and unless expressly stated otherwise, the Court will not use MILs to circumscribe an expert's report that has survived *Daubert* motions and motions to strike."); *Core Wireless Licensing SARL v. LG Electronics, Inc. et al.*, Dkt. 108 at 4, No. 2:14-cv-00912-JRG (E.D. Tex. Feb. 15, 2019), ("[B]ackdoor motions, usually impersonating Daubert motions, are routinely denied by the Court and are not proper as a *limine* motion."); *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson, et al.*, Dkt. 226 at 127, No. 2:21-cv-113-JRG (E.D. Tex. Jul. 18, 2022) ("[I]f you're not going to challenge provisions in an expert's

1

report under *Daubert*, you're not going to strike them through limine practice.") (transcript attached as Exhibit 1).

Samsung offers no explanation for why it waited until the *limine* stage to seek to strike portions of Caltech's damages expert reports, and it never sought leave to file a late motion to strike.[1] As such, its motion should be denied.

Samsung is also incorrect about the substance of its motion, namely, the purpose for and context in which Caltech's experts discuss Samsung's transfer pricing. Far from being "pejorative" or "disparaging," or seeking to "slander Samsung" ," Mot. at 1-2, the cited testimony merely reflects the fact that 

This pricing dynamic is important because Samsung has made clear that it plans to attack Dr. Reed-Arthurs and Dr. Teece by comparing various figures they compute 

. Caltech's experts discuss transfer pricing to explain those complexities and fend off predictable attacks from Samsung. Indeed, the

---

[1] Caltech, by contrast, filed a motion to strike the portions of Dr. Ugone's report that discuss materials and opinions from Caltech's collateral litigation, Dkt. 212, even though such materials also fall within the scope of this Court's standing MIL #13 and Caltech's MIL #1, Dkt. 328 at 1-5.

one sidedness of Samsung's MIL #1—which seeks to preclude only *Caltech* from offering certain information, while giving Samsung free reign to discuss that same information—is designed to allow Samsung to exploit these complexities to attack Caltech's experts, while hamstringing Caltech's ability to respond. Such imbalance, especially here, is improper, and Samsung's MIL should be denied.

### 2. Samsung MIL #2: Samsung again improperly seeks to strike Caltech's experts' opinions.

The vast majority of what Samsung seeks to exclude by its MIL #2 is again opinions and calculations offered by Dr. Reed-Arthurs and Dr. Teece. For the same reasons discussed in connection with Samsung's MIL #1, Samsung waited too long to seek such relief, and it cannot use the *limine* process to grant itself an extension on a motion to strike it was required to file by June 14, 2023. There is thus no basis to preclude either Dr. Reed-Arthurs or Dr. Teece from testifying regarding the various paragraphs and financial exhibits of their reports that Samsung cites.[2]

Nor is there any basis to preclude the introduction of Samsung's ▮▮▮▮▮▮▮▮▮▮, which is the only non-expert material that Samsung cites as subject to MIL #2. *See* Mot. at 3 (discussing PTX241-44). But those spreadsheets are also used by Caltech's experts, for a variety of purposes including by Dr. Teece to compute the royalty base ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮. Caltech will introduce testimony from Dr. Teece explaining his use of those spreadsheets, and Samsung cannot preclude such testimony at this stage. Caltech will also seek to introduce those spreadsheets themselves to demonstrate ▮▮▮▮▮▮ to the jury. None of

---

[2] This includes both the financial information that Samsung cites as being discussed by Dr. Reed-Arthurs and Dr. Teece, *see* Mot at 2-3, 3 n.2, and the ▮▮▮▮▮▮▮▮▮ agreement that Dr. Teece discusses, *see* Mot. at 4.

Samsung's cited cases demonstrate that any prejudice is likely to arise from such evidence. To the contrary, Samsung's cases focus on disclosure of average selling price or headline revenue figures, which are not directly presented in the spreadsheets at issue here. For these reasons, the Court should deny Samsung's MIL #2.

3. **Samsung MIL #3: Samsung's recycled arguments regarding the 2022 Certificates of Correction still fall flat and fail to support exclusion.**

Samsung's third MIL rehashes issues it previously raised in connection with its motion to exclude certain opinions from Caltech's experts, Ms. Nelsen and Mr. Hirshfeld. *See* Dkt. 221. For substantially the same reasons why that motion should be denied, *see* Dkts. 251, 323, so too should Samsung's MIL #3.

As a threshold matter, Caltech maintains that the issues to which the 2022 Certificates of Correction relate are not issues for the jury, but are issues for the Court, either on summary judgment or at a bench trial that follows the jury trial. The primary connection between this case and the 2022 CoCs is Samsung's position that the Asserted Parents are continuations-in-part of the '852 Application, which, in turn, feeds into Samsung's license and inequitable conduct defenses. But none of the issues that relate to or flow from the purported continuation-in-part status are issues for the jury. *See* Dkt. 217 (Samsung's license defense should be decided as a matter of law); Dkt. 208 at 2 (Samsung agreeing that inequitable conduct, patent misuse, waiver, acquiescence, and unclean hands are "reserved to any bench trial"); Dkt. 251 at 5-6 (explaining same lack of overlap between the 2022 CoCs and issues for the jury).[3] Indeed, in order for the jury to decide issues that will be properly before it—such as infringement, validity, and damages—it will not

---

[3] Consistent with this, the parties have already agreed, and this Court has ordered, that neither side's inequitable conduct expert will testify at the jury trial. *See* Dkt. 209 at 2. Samsung's request to exclude certain portions of Mr. Hirshfeld's report from the jury trial, *see* Mot. at 4 (citing Exhibit 12), is thus moot.

4

need to evaluate *any portion* of the file histories (let alone the 2022 CoCs) that pertain to the purported continuation-in-part status.

However, if the Court determines that the jury may consider Samsung's license defense or the purported continuation-in-part status of the Asserted Patents, the jury should receive a fulsome record. Samsung's arguments here for why the jury should instead receive a cherry-picked and one-sided version of the record track the arguments it made in support of its motion to exclude, Dkt. 221, and still fall flat.

Citing the same cases as before, Samsung first argues that the 2022 CoCs are irrelevant under Rule 401 because they purportedly lack retroactivity. But this argument has been and remains a red herring because there is no retroactivity issue in this case. *See* Dkt. 323 at 2. Nowhere does Caltech contend that the 2022 CoCs had retroactive effect, and, despite filing its third brief on the issue, Samsung still has not identified such a contention. Rather, the 2022 CoCs are relevant and important to understanding the prosecution history in context. As Caltech has set forth across many briefs, *see, e.g.*, Dkt. 217; Dkt. 221 at 6-7, no continuation-in-part relationship was ever formed between the Asserted Patents and the '852 Application. Samsung tries to establish that relationship by relying on a 2008 Certificate of Correction that attempted to create a new priority relationship. But that certificate of correction was itself deficient and incorrect, and the 2022 CoCs removed those erroneous references to the '852 Application. *See* Dkt. 217 at 2-6, 12-17. The 2022 CoCs and the related testimony and documents that Samsung cites are thus relevant not only because they are consistent with a proper reading of the prosecution history, but also because they refute Samsung's false argument that Caltech must have believed the 2008 CoC because it did not "do anything" to correct the error it reflected. *See* Dkt. 323 at 1.

Second, again citing familiar cases regarding retroactivity and Rule 403, Samsung argues that the introduction the 2022 CoCs and related testimony will prejudice Samsung and confuse the jury. But any risk of juror confusion regarding retroactivity that concerns Samsung can be easily remedied by an instruction to the jury regarding the non-retroactivity of certificates of correction. And while Caltech maintains that no such instruction is necessary, prejudice that can be cured by an instruction is the hallmark of prejudice that is not the proper target of a *limine* motion. *See* Dkt. 210 at 2 (ordering the parties to "limit their motions in *limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury.").

To the contrary, excluding the 2022 CoCs from the jury while allowing them to see the rest of the prosecution history will prejudice Caltech in a way that *cannot* be cured by appropriate instructions. The only way for the jury to understand and evaluate the full prosecution history (if any of it is shown to them) is for it to have access to the full prosecution history. Removing the portions of that history that are disfavorable to Samsung under the guise of concerns about retroactivity is not a proper application of Rule 403.

Finally, Samsung briefly responds to Caltech's argument that the jury should not be shown a one-sided version of the prosecution history by mischaracterizing the 2022 CoCs and the process that led to their issue. *See* Mot. at 6. But this is nothing more than a preview of an argument that Samsung might make to the jury about why they should disregard the 2022 CoCs. It is not an argument as to why the jury should be deprived of the opportunity to review the 2022 CoCs and the related evidence in the first place. And though these issues should not reach the jury, if they do, it will be for them to decide, after being presented with a full evidentiary record, which party is correct.

████████████████████████████████

4. **Samsung MIL #4: Samsung provides no reason or support to exclude Caltech's timely disclosed non-privileged contentions and evidence.**

Samsung's MIL seeks to relitigate the same issues it lost in its privilege waiver motion. The Court already rejected Samsung's theory that the discovery Caltech provided in response to Samsung's demands consisted of privileged attorney advice or legal analysis, ruling that "despite a diligent effort to see it, I do not see anything that rises to the level of waiver of attorney/client privilege here . . . ." May 1, 2023 Mot. Hear. at 53:24-54:2. Now Samsung raises the same arguments, and indeed most of the same documents and disclosures, in its MIL and hopes to get a different result. There is nothing warranting "exclud[ing] Caltech's arguments that implicate the communications," Mot. at 7, that the Court recently held Caltech *properly* withheld as privileged.

Moreover, any prejudice raised in Samsung's MIL is of Samsung's making. Caltech will not need to introduce any evidence about ████████████████████████████████ ████████████████████████ unless Samsung is permitted to introduce these materials and tell the jury they suggest the statements are correct or that Caltech believed them. That would be an utterly irrelevant presentation, and a waste of the jury's and the Court's time, because a "continuation in part" is a legal term for a child patent satisfying certain conditions set by statute and regulation, having nothing to do with extraneous statements that do not satisfy the statutory and regulatory requirements. And Caltech's state of mind in, as Samsung argues, failing to immediately correct the error is irrelevant to any issue of fact or law before the jury (as opposed to, perhaps, certain equitable issues reserved for the Court). This evidence should all be excluded from the jury trial as irrelevant and prejudicial, in which case Samsung's MIL will be moot. But if Samsung is permitted to parade these irrelevant statements in front of the jury, it is only fair to permit Caltech to respond with its own side of the story. Samsung cites no authority that would permit it to hamstring Caltech by introducing irrelevant and misleading evidence about Caltech's

7

actions, but prevent Caltech from putting it in context for the jury with contentions and documents it properly disclosed.

*First*, Samsung seeks to exclude the *fact* that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Samsung was free to take discovery on this issue, and did. For example, Samsung deposed Caltech's corporate representative ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 4 at 77:16-79:22. Caltech also produced contemporaneous records ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 6.[4] Samsung even deposed one of Caltech's former

---

[4] Samsung suggests that Caltech withheld further evidence about this factual email, misleadingly quoting deposition testimony that was *not* about this particular exchange. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ . On the contrary, Samsung was permitted to question Caltech's witness about it. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

8

prosecuting attorneys, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓t." Ex. 8 at 136:24-37:8.

Samsung raised these same materials in its privilege waiver motion, but the Court found there was nothing improper about Caltech's providing the non-privileged discovery described above, while in contrast withholding privileged materials from Samsung. *See, e.g.*, May 1, 2023 Mot. Hear. at 41:16-25; 53:24-54:2. Samsung speculates there might be contrary evidence in privileged materials it (appropriately) never saw, and complains that Caltech was unable to speculate as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Mot. at 8-9, but cites no authority whatsoever that justifies excluding non-privileged evidence that Caltech timely produced. Samsung complains an email regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓y, but that is an entirely different matter from excluding *the fact* that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. With respect to the email itself, it will be admissible at least for effect on the listener, as a prior consistent statement, and/or a recorded recollection, *see* Fed. R. Evid. 801(c), 801 (d)(1)(B), 803(5), if Samsung is permitted to mislead the jury with irrelevant evidence about Caltech's purported belief in a non-existent continuation in part relationship.

***Second***, Samsung strains to find a reason to prevent Caltech from explaining to the jury ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Mot. at 9-10. Samsung does not claim that Caltech withheld its contentions about these issues from Samsung during discovery, but only that Caltech's positions are "conclusory" and therefore require (for some reason Samsung never explains) privilege waiver for support. These issues should be entirely excised from the trial as utterly irrelevant, prejudicial, confusing, and a waste of time. But if Samsung is permitted to

9

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

introduce them, it does not cite a single case supporting the proposition that Caltech cannot advanced timely-disclosed contentions with timely-disclosed evidence, simply because there may be relevant, privileged evidence as well. If Samsung wanted to depose Caltech's lawyers, *see* Mot. at 10, it was free to attempt to do so. Indeed, Samsung did depose several Caltech lawyers, including ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 9.

***Third***, and finally, Samsung claims cryptically that "Caltech seeks to introduce its legal analysis leading to its determination to file the 2022 requests for CoC as factual testimony." Mot. at 10. As evidence, Samsung points to Caltech's opposition to Samsung's motion to strike Caltech experts Andrew Hirshfeld (who will not testify at the jury trial) and Lita Nelsen (who does not offer any legal analysis about the determination to file the 2022 requests). Thus, it is not clear what Samsung even seeks to strike. To the extent Samsung objects to Caltech advancing its disclosed contentions about the 2008 and 2022 certificates of correction—which should not be part of the jury trial in any event—Caltech provided ample non-privileged discovery about these contentions and Samsung cites no authority whatsoever that would limit Caltech from advancing the same contentions and evidence at trial.

Because ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ irrelevant and confusing, they should be excluded from the jury trial, mooting Samsung's motion attempting to prevent Caltech from explaining the nature ▉▉▉▉▉▉▉▉ to the jury. But if Samsung is permitted to open this door, Caltech must be permitted to respond with properly disclosed, non-privileged evidence.

5. **Samsung MIL #5: Samsung cannot rewrite the PLA with a MIL.**

Samsung's MIL improperly attempts to erase the express ▉▉▉▉▉▉▉ term from the Caltech-Cellular Elements PLA and mischaracterizes Caltech's positions.



The PLA licensed only "

Samsung cannot excise this clear language from the PLA simply because it is inconsistent with Samsung's flimsy license defense. Hornbook law requires each and every word of the contract to be given appropriate meaning. *See Yahoo Inc. v. Nat'l Union Fire Ins. Co. etc.,* 14 Cal. 5th 58, 69 (Cal. 2022) (instructing courts interpreting California contracts to "favor an interpretation that gives meaning to each word in a contract"); *Parra v. Markel Int'l Ins. Co. Ltd.*, 2007 WL 9627570, at *7 (S.D. Tex. Dec. 11, 2007), *aff'd*, 300 F. App'x 317 (5th Cir. 2008) ("[I]t is unreasonable to accept the interpretation that Parra puts forth, because it erases by judicial fiat a clause the parties contractually agreed upon.").

The Asserted Patents do not reflect any

including because, as Caltech's expert Dr. Shoemake opined in his rebuttal report, the only overlap

*See* Dkt. 265 at 10 ¶ 48. Samsung never moved to strike this testimony, waiving this too-late *Daubert* motion dressed up as a MIL.

The case Samsung cites is inapposite. Unlike the patents in *Univ. of W. Virginia Bd. of Trustees v. VanVoorhies*, 278 F.3d 1288 (Fed. Cir. 2002),

11

█████████████████████████████████████████

█████████████████████████████████████, but only basic background information. *See* Dkt. 265 at 10 ¶ 48. Moreover, *VanVoorhies* addressed only the question of what a continuation-in-part is, whereas the contract here (the PLA) expressly requires ████████████

████████████████████████████████████ Contrary to Samsung's suggestion, there is nothing inconsistent about this. *See Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1253 (Fed. Cir. 2004) (claims in new patent cannot claim priority to earlier filed patent application if earlier application fails to meet written description and enablement requirements supporting new patent claims).

The Court should reject Samsung's efforts to change the unambiguous words of the PLA with a MIL.

DATED: July 31, 2023

Respectfully submitted,

By:    */s/ Tamar Lusztig*
    Kalpana Srinivasan
      California State Bar No. 237460
      ksrinivasan@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
    Telephone: (310) 789-3100
    Facsimile: (310) 789-3150

    Daniel J. Shih
      Washington State Bar No. 37999
      dshih@susmangodfrey.com
    Floyd Short
      Washington State Bar No. 21632
      fshort@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1201 Third Avenue, Suite 3800
    Seattle, Washington 98101

██████████████████████████████

    Telephone: (206) 516-3880
    Facsimile: (206) 516-3883

    Shawn D. Blackburn
       Texas State Bar No. 24089989
       sblackburn@susmangodfrey.com
    Daniel A. Wilson
       Texas State Bar No. 24070859
       dwilson@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002
    Telephone: (713) 651-9366
    Facsimile: (713) 654-6666

    Tamar Lusztig
       New York State Bar No. 5125174
       tlusztig@susmangodfrey.com
    Ravi Bhalla
       New York State Bar No. 5478223
       rbhalla@susmangodfrey.com
    Robert Greenfeld
       New York State Bar No. 2824811
       rgreenfeld@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019
    Telephone: (212) 336-8330
    Facsimile: (212) 336-8340

    **ATTORNEYS FOR PLAINTIFF**
    **THE CALIFORNIA INSTITUTE OF**
    **TECHNOLOGY**

████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Tamar Lusztig
Tamar Lusztig
